## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

David Kabir

v.

Virginia State Board of Medicine

September 1, 1987

Case No. (Law) 10951

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Petitioner's appeal from an action of the Board revoking his license to practice medicine on July 23, 1986.

Appellant argues that there has never been a finding of unprofessional conduct as defined in Code of Virginia, Section 54-317(11), nor any other section. Appellant asserts that such a finding by the Board is necessary to sustain the revocation of his license to practice medicine. Further, he argues that he has been denied procedural and substantive due process in that the action of the Board being without substantial evidence to support it and, further, that the act of revocation was arbitrary and capricious.

The Board argues that there is ample evidence in the record to support its action; that Appellant was not denied procedural nor substantive due process and that the actions of the Board complied with the statutory scheme for such matters.

The statutory scheme governing such matters is found at Code of Virginia, § 54-316, et. seq. Under this scheme the Board is authorized to place on probation any person who comes before it for suspension or revocation. The Board utilized and Appellant concurred in the special

procedure provided for in Code of Virginia, Section 54-318.1, under which a committee was empaneled for an informal conference with Kabir. After such conference the committee reported that the evidence before it was insufficient for them to make a finding and they referred the matter to the Board for its action. Pursuant to the actions of the committee, the Board by its order of January 22, 1982, directed that Dr. Kabir be on probation and submit to a psychiatric evaluation and a physical examination. By virtue of this order Kabir was placed on probation for an indefinite period of time with terms and conditions. It should be noted that Appellant agreed to this disposition of the Complaint.

Thereafter four additional hearings were held in order to determine whether or not Appellant was in compliance with the orders of the Board. On each occasion it was found by the Board that Dr. Kabir was in violation of the terms and conditions of the probation; however, on each occasion the Board chose to extend the probation rather than take action with regard to suspension or revocation. Finally, on July 17, 1986, the Board found that Dr. Kabir was not in compliance, after having considered his testimony with regard to his reasons for his failure to be in compliance, and found that his license should be revoked. This was done by order of the Board of July 23, 1986, and recites as the basis for the revocation Dr. Kabir's noncompliance with the orders of the Board.

The informal conference procedure and the probation provisions are clearly for the benefit of the individuals who appear before the Board. This is brought home in this case by Appellant availing himself of the probation provisions so that no specific finding of unprofessional conduct would be made and thereby become a part of this record. However, it would be a useless provision to have a probationary power without the power of the Board to revoke that probation in the event its terms and conditions were not complied with. Further, the legislature in § 54-317(16) defines unprofessional conduct as a violation of any of the provisions of "this chapter or regulations of the Board." Dr. Kabir has violated the provisions of the chapter regarding probation. Therefore, the Court finds that there is a statutory basis for the actions of the Board in revoking

Dr. Kabir's license for his noncompliance with the terms of probation.

Appellant next argues that the Board was without substantial evidence to justify its findings because the Doctor had been in a severe automobile accident and, therefore, his failure to comply was beyond his control.

The Court's jurisdiction with respect to this issue is limited to the question of whether or not there exists in the agency's records substantial evidence in support of the Board's decision. A reading of the transcript of the hearing of July 17, 1986, reveals substantial evidence to support the Board's decision.

For these reasons the Petition for Appeal ought to be dismissed.